Argued and submitted January 21, affirmed July 22, petition for review denied October 22, 2015 (358 Or 145)

In the Matter of C. C. P. and S. L. P.,
Children.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

K. M. J.,
*Appellant.*

Grant County Circuit Court
2261JU, 2262U;
Petition Numbers
13226104JU, 13226204JU;
A158098

356 P3d 1132

Holly Telerant, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Inge D. Wells, Assistant Attorney-in-Charge, argued the cause for respondent. With her on the brief were Ellen F.

Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Lagesen, Presiding Judge, and Flynn, Judge, and De Muniz, Senior Judge.

DE MUNIZ, S. J.

**DE MUNIZ, S. J.**

Mother's parental rights were terminated after she failed to appear at her termination hearing. Following the hearing, mother moved to set aside the termination judgment due to excusable neglect. The juvenile court denied mother's motion, and she appeals. We affirm.

We review the denial of mother's motion for an abuse of discretion. *See Dept. of Human Services v. A. D. G.*, 260 Or App 525, 534, 317 P3d 950 (2014). That standard is considered highly deferential, because the "trial court has some discretion to deny a motion to set aside even if the movant establishes 'excusable neglect.'" *State ex rel Dept. of Human Services v. G. R.*, 224 Or App 133, 143, 197 P3d 61 (2008).

The facts are not in dispute. In May 2011, mother's newborn twins were placed in the custody of the Department of Human Services (DHS). The children were returned to mother's care in July 2011. In 2012, the children were again removed from mother's care.

Mother received notice on October 18, 2013, that her termination hearing was scheduled for March 6 and 7, 2014. The notice instructed mother to personally appear and informed her that a failure to appear could result in the termination of her parental rights. Mother's court-appointed attorney filed an answer on her behalf, denying the allegations in the termination petition.

Before the termination hearing, mother moved to Washington. Mother's attorney did not know that she had moved and was not able to contact her for several months. During the three months leading up to the termination hearing, mother did not have contact with her children.

On February 24, 2014, mother sent letters to the court, her social worker, and her attorney informing them that she lived in Washington and provided them with her address. In the letters, mother requested that the termination hearing be moved to Washington because she lacked a car and phone. The letters acknowledged the correct time and location of the termination hearing. After receiving the letter, mother's attorney sent her a letter explaining that the

hearing could not be moved to Washington and requested that she contact him immediately. Mother did not respond.

Before the termination hearing commenced, mother's attorney moved to withdraw from the case, asserting that his lack of contact with mother placed him at a disadvantage in representing her. He also informed the court that mother had an outstanding warrant for her arrest in the county where the hearing was to be held. The court denied the attorney's motion to withdraw and proceeded with the termination hearing. Mother did not attend the hearing. At the termination trial, mother's attorney cross-examined witnesses, objected to evidence, and presented a closing argument. Following the hearing, the court terminated mother's parental rights.

The day after the hearing, mother called DHS and was informed that her parental rights had been terminated. Mother's attorney then filed a motion to set aside the termination judgment on the ground of excusable neglect. At a hearing on that motion, mother appeared by telephone and testified that she was aware of the scheduled dates for her termination hearing but was unable to attend. At the conclusion of that hearing, the court denied mother's motion to set aside the termination judgment, concluding that mother had not demonstrated excusable neglect. Mother now challenges the denial of that motion.

On appeal, mother argues that the juvenile court abused its discretion in denying her motion to set aside the judgment, because she was denied effective representation of counsel at the termination hearing and that, in any event, she established excusable neglect sufficient to set aside the termination judgment. The state argues that mother's inadequate counsel claim was not preserved. *See State ex rel Juv. Dept. v. Geist,* 310 Or 176, 184 n 9, 796 P2d 1193 (1990) (preservation not required for challenges to adequacy of counsel raised on direct appeal). We agree with the state that mother did not preserve her contention in the juvenile court as part of her motion to set aside the termination judgment, and we will not address the issue as a separate ground for setting aside the judgment. *Dept. of Human Services v. T. L.,* 269 Or App 454, 468, 344 P3d

1123, *rev allowed*, 357 Or 324 (2015) ("[T]o preserve a claim of inadequate assistance of appointed trial counsel, a parent * * * must first seek to resolve that issue in the juvenile court * * *."). However, to the extent that there is evidence in the hearing record regarding the conduct of mother's attorney leading up to and during the hearing that is otherwise relevant to the merits of mother's preserved claim, we will consider it.

ORS 419B.819(7) provides, in part:

"If a parent fails to appear for any hearing related to the petition, or fails to file a written answer, as directed by summons or court order under this section or ORS 419B.820, the court, without further notice and in the parent's absence may:

"(a) Terminate the parent's rights or, if the petition seeks to establish a permanent guardianship, grant the guardianship petition either on the date specified in the summons or order or on a future date[.]"

A parent who has failed to appear at a termination hearing may move in the juvenile court to "modify or set aside any order or judgment" under ORS 419B.923(1)(b) based on excusable neglect.

We address claims of excusable neglect in a two-step process. First, we determine "whether the parent has established as a matter of law that the nonappearance [at the termination hearing] resulted from excusable neglect." *Dept. of Human Services v. K. M. P.*, 251 Or App 268, 271, 284 P3d 519 (2012). Second, even when a parent makes a predicate showing of excusable neglect, the court has discretion to determine whether "in the totality of the circumstances, to allow the motion." *Id.* at 272.

Mother argues that she established excusable neglect because (1) she could not attend the hearing because she lived in Washington and lacked adequate transportation; (2) her letters should be construed by her attorney and the court as mother's attempt to reschedule the termination hearing; and (3) mother was not aware that she could appear at the termination hearing by telephone and that her attorney failed to inform her of that option.

Under ORS 419B.923(1)(b), the concept of excusable neglect encompasses "a parent's reasonable, good faith mistake as to the time or place of a dependency proceeding." *G.R.*, 224 Or App at 141-42. For the following reasons, we conclude that mother has not made that showing.

First, mother cut off contact with her attorney months before the termination hearing and communicated with DHS only when she called the department's toll-free number. Even assuming that mother lacked the financial resources to travel to Oregon for the termination hearing, she did not respond to DHS's evidence that she could have obtained a bus pass or gas voucher from DHS. Second, mother did not suggest in any of her correspondence that she wanted the termination hearing rescheduled or that doing so would make it possible for her to attend. Finally, had mother continued her relationship with her attorney leading up to the hearing, she could well have learned that she could appear by telephone at the hearing. Mother's lack of knowledge that she could appear by telephone can be laid at her feet, and is not, singularly or in combination with any other circumstance in the case, sufficient to establish excusable neglect.[1]

Affirmed.

---

[1] Under ORS 419B.918(1), a court may "permit the person, instead of appearing personally, to participate in any hearing related to *** a petition seeking termination of parental rights *** in any manner that complies with the requirements of due process including, but not limited to, telephonic or other electronic means."