Argued and submitted January 5, affirmed March 2, petition for review denied May 26, 2016 (359 Or 667)

In the Matter of B. J. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. M. B.,
*Appellant.*

Washington County Circuit Court
J130366;
Petition Number M2J130366;
A159292 (Control)

In the Matter of A. C. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. M. B.,
*Appellant.*

Washington County Circuit Court
J150153;
Petition Number MJ150153;
A159293

In the Matter of B. J. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. M. B.,
aka T. A., aka T. S. W.,
*Appellant.*

Washington County Circuit Court
J130366;
Petition Number M2J130366;
A159332

In the Matter of A. C. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. M. B.,
aka T. A., aka T. S. W.,
*Appellant.*

Washington County Circuit Court
J150153;
Petition Number MJ150153;
A159333

369 P3d 419

Shannon L. Flowers, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

DUNCAN, P. J.

**DUNCAN, P. J.**

In these consolidated cases, the juvenile court terminated mother's parental rights after a trial at which mother failed to appear. Mother subsequently filed motions to set aside the termination judgments, asserting that she had failed to appear because she had made a mistake about the trial date. The juvenile court denied the motions. Mother appeals, contending that the record establishes, as a matter of law, that her failure to appear was due to excusable neglect and that the juvenile court abused its discretion in denying the motions. We conclude that, because the record contains inconsistent statements by mother regarding her knowledge of the trial date, the record does not establish, as a matter of law, that mother's failure to appear was the result of excusable neglect. Therefore, we affirm.[1]

These cases concern mother's children, B and A.[2] After dependency proceedings during which the juvenile court took jurisdiction over the children and determined that adoption was the appropriate permanency plan for them, the Department of Human Services (DHS) filed petitions to terminate mother's parental rights to the children. In each case, DHS served mother with the petition and a summons, which provided, pursuant to ORS 419B.819(7) and ORS 419B.819(4)(b),[3] that if mother failed to appear for

---

[1] In addition to challenging the juvenile court's denial of her motions to set aside the termination judgments, mother makes an unpreserved challenge to the trial court's authority to proceed with the termination trial in her absence. We reject that challenge without discussion.

[2] Father has stipulated to the termination of his parental rights with respect to both children.

[3] ORS 419B.819(7) provides:

"If a parent fails to appear for any hearing related to the petition * * * the court, without further notice and in the parent's absence, may:

"(a) Terminate the parent's rights * * * either on the date specified in the summons or order or on a future date[.]"

Correspondingly, ORS 419B.819(4)(b) requires that a summons for a proceeding to terminate parental rights contain:

"A statement that, if the parent fails to appear at the time and place specified in the summons or in an order under ORS 419B.820 [notice to parent contesting petition to terminate parental rights] * * * the court may, without further notice and in the parent's absence, terminate the parent's rights * * * either on the date specified in the summons or order or on a future date, and may take any other action that is authorized by law."

a proceeding on the petition, the juvenile court could terminate her parental rights in her absence and without further notice.

The juvenile court scheduled the cases for trial on March 31, 2015 at 9:00 a.m. and provided mother with verbal and written notice of the trial date and time. Mother, who lived in Arizona, planned to fly to Oregon for the trial.

Mother did not appear for the trial at 9:00 a.m. on March 31. The juvenile court postponed the proceedings for two hours in case mother was late or lost. Shortly after 11:00 a.m., the juvenile court convened the proceedings and invited mother's attorney to make a record regarding mother's nonappearance. Mother's attorney reported that mother had emailed him the previous day, stating that her flight had been rescheduled and that she would not arrive in Portland until 11:45 p.m. on March 30. He also reported that mother had sent a second email, stating that she had arrived in Portland:

> "I did get an email, and I think it was 12:34 a.m. today that her flight was in. She was in the Portland area, and would be coming to my office for—to meet before trial here today.
>
> "I have had no contact with her. I know my office has been attempting to contact her via email and phone, and we have not had any contact so far."

When mother failed to appear, her attorney checked flight records and confirmed that a flight from Phoenix had landed in Portland at 11:45 p.m. the night before. Mother's attorney told the court that he believed mother "was in the area," but that he did not know "her whereabouts at this time" and he had "no information" that would explain mother's failure to appear for trial.

The juvenile court then conducted the termination trial in mother's absence. DHS presented 50 documentary exhibits and the testimony of one witness, whom mother's attorney cross-examined. At the conclusion of the trial, the juvenile court terminated mother's parental rights in both B and A.

Later the same day, mother's attorney presented the juvenile court motions to set aside the termination judgments, asserting that "[m]other's failure to appear was due to good cause" because "[m]other mistakenly believed that the trial began on April 1, 2015 and not on March 31, 2015[.]"[4] In affidavits in support of the motions, mother's attorney explained that mother had contacted him after the trial:

> "Shortly after 1:00 p.m., I received an email from Mother indicating she was in Hillsboro and would come to my office at 8:00 a.m. the following morning to meet with me before trial. I promptly contacted mother and informed her that trial was today. Mother was confused and surprised that she missed trial. According to Mother, she believed trial started on April 1, 2015 and travelled all the way from Arizona for the trial. Mother informs me that she has been in Hillsboro all day, resting after her flight from Arizona, and in preparation for trial the following day."

The juvenile court denied the motions. On the order denying the motion in B's case, the juvenile court wrote, "Denied based on record for mother's [failure to appear] despite notice and many email attempts. Was given 2 extra hours to appear and failed." Similarly, on the order denying the motion in A's case, the juvenile court wrote, "Denied. Mother had notice and did not respond to multiple emails, and was given 2 additional hours to appear, and [failed to appear]."

In the termination judgments, which were entered on April 9, 2015, the juvenile court set out findings of fact, including that, "Mother had sent an email to her attorney at 12:30 a.m. on March 31st, indicating that she had arrived in Portland and would see her attorney that morning in his office" and that "Mother did not show up at [her attorney's] office that morning."

As mentioned, on appeal, mother asserts that the juvenile court erred by denying her motions to set aside the judgments. She contends that her nonappearance was due to excusable neglect and the juvenile court abused its discretion by denying the motions.

---

[4] The motions were not filed until April 15, 2015, but they were presented to, and denied by, the juvenile court on March 31, 2015.

ORS 419B.923(1) authorizes a juvenile court to set aside termination judgments in certain circumstances. It provides:

"(1) Except as otherwise provided in this section, on motion and such notice and hearing as the court may direct, the court may modify or set aside any order or judgment made by it. Reasons for modifying or setting aside an order or judgment include, but are not limited to:

"* * * * *

"(b) Excusable neglect[.]"

As we have explained, "ORS 419B.923(1), by its text and design, requires a two-step process." *State ex rel Dept. of Human Services v. G. R.*, 224 Or App 133, 139, 197 P3d 61 (2008). First, a party must establish that the party's nonappearance was the result of excusable neglect. *Id.* Second, if the party makes that predicate showing, the juvenile court retains some range of discretion to determine whether, in the totality of the circumstances, to allow the motion. *Id.*

In enacting the excusable neglect provision, the legislature "was especially concerned with 'horror stor[ies]' of parents having their rights terminated in their absence when, because of good faith mistakes, they went to the wrong courtroom or appeared at the wrong time." *Id.* at 141 (quoting Tape Recording, Senate Committee on Judiciary, HB 2611, Apr 30, 2001, Tape 115, Side B (statements of Sen John Minnis and Kathie Osborn, Senior Attorney, The Juvenile Rights Project)). Accordingly, we have held that "the legislature intended 'excusable neglect' in ORS 419B.923(1)(b) to encompass a parent's reasonable, good faith mistake as to the time or place of a dependency proceeding." *G. R.*, 224 Or App at 141-42. We have further held that "a good faith—if careless—mistake as to the time of a hearing" constitutes excusable neglect for the purposes of ORS 419B.923(1)(b). *Dept. of Human Services v. K. M. P.*, 251 Or App 268, 276, 284 P3d 519 (2012).

Mother contends that the record in this case establishes, as a matter of law, that her nonappearance was the result of excusable neglect. In support of her contention, she cites *G. R.* and *K. M. P.* In each of those cases, a parent's

parental rights were terminated after the parent failed to appear at the time set for a proceeding, despite having received notice of the date and time of the proceeding. The parents moved to set aside the termination judgments, asserting that they had failed to appear because they had been mistaken about the time of the proceeding. The juvenile courts denied the motions, and, on appeal, we reversed. In *G. R.* we observed that the parent had "offered a reasonable, uncontroverted explanation for his mistake." 224 Or App at 143. Similarly, in *K. M. P.*, we noted that the parent "offered evidence that her failure to appear at the hearing was due to a 'reasonable, good faith mistake' as to its time, and that evidence is uncontroverted." 251 Or App at 275.

This case is distinguishable from *G. R.* and *K. M. P.* because, in this case, the record allows the inference that mother provided contradictory information regarding her nonappearance. As recounted above, mother's attorney made a record of mother's email communications with him, including that mother had emailed him at 12:34 a.m. on the day of trial, stating that she would meet with him that day. He told the court that she had emailed him "*today* that her flight was in[,]" and that she "would be going to my office * * * to meet before trial here *today*." (Emphasis added.) The attorney's description of mother's email suggests that mother knew that the trial was on March 31. It is inconsistent with her later statement to her attorney, set out in his affidavit, that she believed trial was on April 1. Thus, although DHS did not present any evidence regarding mother's nonappearance, mother's explanation for her failure to appear—that she believed trial was on April 1—was controverted by her own earlier statement that she would be coming to her attorney's office to meet him before trial on March 31. Therefore, we conclude that the record does not establish, as a matter of law, that mother made a good faith mistake regarding her court date.

Affirmed.