PER CURIAM
*213 Father appeals a judgment terminating his parental rights to his son, Z. While his appeal in this case was pending, we issued a decision in a related case in which we reversed and remanded the judgment changing the permanency plan for Z from reunification to adoption. Dept. of Human Services v. L. L. S. , 290 Or. App. 132, 413 P.3d 1005 (2018). We then requested supplemental briefing from the parties with regard to the effect of that decision on the present appeal. In response, the Department of Human Services anticipated that, "if father files a motion in the juvenile court to set aside the judgment terminating his parental rights, the juvenile court will grant that request. After the juvenile court grants that motion, this appeal will be moot." See generally Dept. of Human Services v. M. H. , 266 Or. App. 361, 337 P.3d 976 (2014) (holding that the trial court did not abuse its discretion in setting aside termination judgments after the related permanency judgments were reversed). Father proposed, as an alternative, that this court immediately reverse the termination judgment to provide for a quicker resolution.
Father has since filed a motion in the juvenile court to set aside the termination judgment based on our decision with regard to the permanency judgment, and the juvenile court has scheduled hearings on the motion to set aside and in the permanency case. In the interest of judicial economy, and to facilitate the orderly resolution of all matters concerning Z, we vacate the termination judgment and remand for the juvenile court to reconsider its decision in light of subsequent events.
Vacated and remanded.