Argued and submitted October 5; orders denying motions to set aside
jurisdictional judgments vacated, remanded for further proceedings
December 8, 2021

In the Matter of S. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. L.,
aka L. W.,
*Appellant.*

Marion County Circuit Court
20JU06027; A175534 (Control)

In the Matter of S. W.,
aka S. O. W., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. M. W.,
aka L. L.,
*Appellant.*

Marion County Circuit Court
20JU06028; A175535

502 P3d 1187

Natasha A Zimmerman, Judge pro tempore. (Disposition
Judgment)

Lindsay R. Partridge, Judge. (Jurisdiction Judgment)

Sarah Peterson, Deputy Public Defender, argued the
cause for appellant. Also on the briefs was Shannon Storey,
Chief Defender, Juvenile Appellate Section, Office of Public
Defense Services.

Inge D. Wells, Assistant Attorney General, argued the
cause for respondent. Also on the brief were Ellen F. Rosenblum,
Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and James, Judge.

PER CURIAM

Orders denying motions to set aside jurisdictional judgments vacated; remanded for further proceedings.

## PER CURIAM

Mother appeals from judgments in which the juvenile court ruled that mother's children were dependent pursuant to ORS 419B.100(1) and in need of the court's protection through wardship, and orders in which the court denied mother's motions to set aside those jurisdictional judgments. Mother's assignments of error are directed exclusively to the orders denying her set-aside motions; she requests that we vacate and remand those orders. We address only that issue. Because the record is insufficient for meaningful appellate review, we vacate the court's orders denying mother's motions to set aside the jurisdictional judgments and remand to the juvenile court for clarification of its ruling.

The Department of Human Services filed dependency petitions regarding mother's children. At some point in the litigation, the juvenile court set the matter over and scheduled a "status conference" for the parties to set a new trial date. The court ordered mother to call in for the status conference. When mother did not do so, the court held an *in-absentia* trial on the department's petitions and ruled that mother's children were within its dependency jurisdiction.

Mother timely moved to set aside the resulting jurisdictional judgments pursuant to ORS 419B.923, averring—through declaration of counsel—that mother had "misunderstood that her appearance was required" at the status conference because "her understanding of the court date *** was for attorneys to simply set a date for an all-day trial." Without holding a hearing, the court denied mother's motions. The only memorial of the juvenile court's ruling, or reasoning, is a hand-written notation in the upper corner of a document, reading:

"Denied! [Initials] 1/29/21

"Mom advised on record on 12/17[/]20 to call in at 7:45 A.M. On 12/22/20, mother failed to call in at that time despite given call in info. on record on 12/17/20."

ORS 419B.923 provides a mechanism for a parent to move to set aside a judgment on the grounds of "excusable neglect." A parent's nonappearance at a scheduled hearing can qualify as excusable neglect. *Dept. of Human Services v.*

*T. M. B.*, 276 Or App 641, 369 P3d 419, *rev den*, 359 Or 667 (2016); *Dept. of Human Services v. K. M. J.*, 272 Or App 506, 356 P3d 1132, *rev den*, 358 Or 145 (2015); *Dept. of Human Services v. K. M. P.*, 251 Or App 268, 271, 284 P3d 519 (2012).

As we explained in *K. M. P.*, when faced with a motion to set aside a judgment based on excusable neglect, a juvenile court must engage in a "two-step, sequential analysis." *Id.* The first step requires the court to "determine whether the parent has established as a matter of law that the nonappearance resulted from excusable neglect." *Id.* "[I]f the parent makes the predicate showing of excusable neglect, the court 'retains some range of discretion' to determine whether, in the totality of the circumstances, to allow the motion." *Id.* at 271-72 (quoting *State ex rel Dept. of Human Services v. G. R.*, 224 Or App 133, 143, 197 P3d 61 (2008)).

The standard of appellate review varies depending upon where in that two-step analytical process the juvenile court grounds its decision. We review a juvenile court's ruling as to whether a parent's nonappearance at a hearing constitutes excusable neglect for errors of law. However, we review a juvenile court's ruling denying a motion to set aside, despite a finding of excusable neglect, for an abuse of discretion. *K. M. P.*, 251 Or App at 272; *G. R.*, 224 Or App at 139-40.

In this case, the trial court's bare notation in the upper corner of a document, without more, and without any reasoning expressed on the record, does not sufficiently inform us where on the two-step process the juvenile court's decision lies. Accordingly, we cannot determine which standard of review to apply to the court's ruling. We therefore remand to the trial court for clarification and explanation of its ruling, so that meaningful appellate review can occur.

Orders denying motions to set aside jurisdictional judgments vacated; remanded for further proceedings.