Submitted November 4, 2021, reversed and remanded January 26, 2022

In the Matter of J. J.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. J. J.,
*Appellant.*

Multnomah County Circuit Court
19JU04324;
Petition Number T201957;
A176144 (Control)

In the Matter of D. J.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. J. J.,
*Appellant.*

Multnomah County Circuit Court
19JU04326;
Petition Number T201956;
A176145

504 P3d 683

Mother's parental rights were terminated in her absence after she failed to appear at the second day of the termination trial, which was conducted remotely. She later moved to set aside the judgment under ORS 419B.923(1), contending that her failure to appear was the product of excusable neglect. The juvenile court denied the motion, concluding that the evidence was insufficient to establish excusable neglect. *Held*: The facts, when considered in light of mother's strong interest in participating in the termination proceeding, demonstrated that there were reasonable grounds for mother's failure to appear by telephone. The juvenile court erred in concluding otherwise.

Reversed and remanded.


Xiomara Y. Torres, Judge.

Kristen G. Williams filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

LAGESEN, C. J.

Reversed and remanded.

**LAGESEN, C. J.**

Mother's parental rights to her two children were terminated in her absence after she failed to appear at the second day of the termination trial, which was conducted remotely. She later moved to set aside the judgment under ORS 419B.923(1), contending that her failure to appear was the product of excusable neglect. The juvenile court denied the motion, concluding that the evidence was insufficient to establish excusable neglect. We conclude otherwise and reverse and remand for the juvenile court to consider whether to exercise its discretion under ORS 419B.923(1) to set aside the termination judgments.

ORS 419B.923(1)(b) grants a juvenile court the authority to set aside its orders and judgments on the grounds of "excusable neglect." Evaluating a motion to set aside a judgment under ORS 419B.923(1)(b) entails a two-step process. *Dept. of Human Services v. K. M. J.*, 272 Or App 506, 510, 356 P3d 1132, *rev den*, 358 Or 145 (2015). A court must first determine whether the parent has established excusable neglect. *Id.* If the court determines that a parent has established excusable neglect, it must then decide whether to exercise its discretion to grant the motion to set aside. *Id.*

In this instance, the juvenile court denied mother's motion at the first step, concluding that the facts she presented in support of her motion were not sufficient to constitute excusable neglect. Whether facts establish excusable neglect for purposes of ORS 419B.923(1)(b) presents a question of law, making our review for legal error. *State ex rel Dept. of Human Services v. G. R.*, 224 Or App 133, 139-40, 197 P3d 61 (2008).

As we explained in *G. R.*, the "excusable neglect" standard in ORS 419B.923 must be construed liberally in favor of a parent's fundamental interest in not having their parental rights "irrevocably terminated" in their absence. *Id.* at 141. It was enacted, in part, in response to stories about parents having their rights terminated in their absence because they mistakenly, and in good faith, went to the wrong courtroom or showed up late. *Id.* Like the "excusable neglect" standard for setting aside a judgment

under ORCP 71, the standard under ORS 419B.923 simply requires a showing that there are reasonable grounds to excuse the default. *Id.* Thus, the question for us is whether, viewed liberally in favor of mother's interest in participating in a proceeding with the consequences of a termination proceeding, the facts presented to the juvenile court were sufficient to demonstrate[1] that there were reasonable grounds for mother's failure to appear by telephone.

The evidence in support of mother's motion, which was not controverted, demonstrates the following. Mother, who was homeless, was late for the trial on the second day because she overslept; someone she was sharing a hotel room with turned off her alarm clock. Mother was supposed to have joined her lawyer at the juvenile justice center for the hearing instead of calling in directly on her own. Mother called her lawyer when she woke up. At that time, the trial, which was remote, was proceeding in mother's absence and mother could hear it through her lawyer's phone. Her lawyer did not tell the court at the time that mother was on the phone. Instead, she gave mother the phone number to call into the trial directly. Mother's lawyer also did not alert the court that mother was trying to call in or ask the court to pause the proceedings to allow mother to join. Mother tried several times to call into the trial but was unable to connect, so she left a voicemail with the court. In the meantime, the Department of Human Services finished making its case, and the juvenile court terminated mother's parental rights in mother's absence, finding that mother "failed to appear by telephone on the second day" of the trial. At that point, mother's lawyer first told the court that mother had called and had planned to call in. After the court finished the hearing, it was told that mother had left a voicemail about the proceeding; the voicemail was recorded approximately 10 to 12 minutes after the hearing ended.

Those facts, when considered in light of mother's strong interest in participating in the termination proceeding, demonstrate that mother's failure to appear was the

---

[1] As we understand its ruling, the juvenile court accepted the facts presented in support of mother's motion but determined that they were not sufficient to demonstrate excusable neglect.

product of excusable neglect. We note first that the issue is not whether mother's tardiness was excusable. That is, the issue is not whether mother's oversleeping justified her failure to show up on time. Instead, the issue is whether her failure to appear by telephone was excused. On that point, the facts demonstrate that while the hearing was in progress, mother was attempting to call into it but could not connect to the hearing. But for the inability to connect to the hearing, mother would have appeared at the proceedings while they were in progress. Although her lateness might not have been excusable—the facts in the record about what measures mother took to ensure that her arrival at court was timely are too sparse to conclude that her failure to appear on time was the product of a reasonable mistake—we are aware of no basis for precluding a parent who shows up late to court from participating in a termination trial from that point forward. In view of the uncontroverted evidence that mother's failure to appear was the product of her reasonable, but unsuccessful, efforts to connect to the hearing in progress, we conclude that facts demonstrate that her failure to appear was the product of excusable neglect.

As noted, whether to grant a motion to set aside a juvenile court judgment involves a two-step inquiry; the second step confers upon the juvenile court the discretion whether to set aside the judgment. The juvenile court did not make that discretionary call in this case and, as this record is not one that would compel the court to exercise its discretion to grant the motion, we reverse and remand for the juvenile court to exercise its discretion in the first instance.

Reversed and remanded.