Submitted February 25, affirmed March 30, 2022

In the Matter of G. L. C. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. L. S.,
*Appellant.*

Coos County Circuit Court
21JU01934; A176851 (Control)

In the Matter of A. B. L. C. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. L. S.,
*Appellant.*

Coos County Circuit Court
21JU00467; A176852

508 P3d 79

Martin E. Stone, Judge.

G. Aron Perez-Selsky and Michael J. Wallace filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Joyce, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Father's parental rights were terminated in his absence after he failed to appear at the first day of a scheduled three-day termination trial. The next day, he moved to set aside the judgment under ORS 419B.923(1), contending that his failure to appear was the product of excusable neglect. The juvenile court denied the motion, concluding that the evidence was insufficient to establish excusable neglect. We affirm.

ORS 419B.923 provides a mechanism for a parent to move to set aside a judgment on the ground of "excusable neglect." A parent's nonappearance at a scheduled hearing can qualify as excusable neglect. *Dept. of Human Services v. T. M. B.*, 276 Or App 641, 369 P3d 419, *rev den*, 359 Or 667 (2016); *Dept. of Human Services v. K. M. J.*, 272 Or App 506, 356 P3d 1132, *rev den*, 358 Or 145 (2015); *Dept. of Human Services v. K. M. P.*, 251 Or App 268, 284 P3d 519 (2012).

As we explained in *K. M. P.*, when faced with a motion to set aside a judgment based on excusable neglect, a juvenile court must engage in a "two-step, sequential analysis." *Id*. at 271. The first step requires the court to "determine whether the parent has established as a matter of law that the nonappearance resulted from excusable neglect." *Id*. Second, "if the parent makes the predicate showing of excusable neglect, the court 'retains some range of discretion' to determine whether, in the totality of the circumstances, to allow the motion." *Id*. at 271-72 (quoting *State ex rel Dept. of Human Services v. G. R.*, 224 Or App 133, 143, 197 P3d 61 (2008)).

The standard of appellate review varies depending upon where in that two-step analytical process the juvenile court grounds its decision. We review a juvenile court's ruling as to whether a parent's nonappearance at a hearing constitutes excusable neglect for errors of law. However, we review a juvenile court's ruling denying a motion to set aside, despite a finding of excusable neglect, for an abuse of discretion. *K. M. P.*, 251 Or App at 272; *G. R.*, 224 Or App at 139-40. In both instances, we are bound by the trial court's factual findings, if supported by evidence in the record.

Here, father claimed that his absence at the trial was due to the Department of Human Services (DHS) failing to provide him transportation after he requested it. He offered no other justification for his absence. However, the trial court rejected father's assertion and found him noncredible on that point. Instead the court found that, had father asked DHS for transportation, it would have been provided, but father made no requests after being told repeatedly that he needed to do so. In light of that credibility finding, which is binding on us, we cannot say that the trial court erred in concluding that father had failed to establish excusable neglect for purposes of ORS 419B.923.

Affirmed.