***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted July 15, affirmed September 8, 2022

In the Matter of L. M. C.,
aka L. M. C., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. L. H.,
aka C. H.,
*Appellant.*

Umatilla County Circuit Court
20JU06891; A178107

Robert W. Collins, Jr., Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Mother's parental rights were terminated after her failure to appear at the termination hearing. Five months later, she moved to set aside the termination judgment under ORS 419B.923(1)(b), contending that her failure to appear was the product of excusable neglect. She appeals from the juvenile court's order denying her motion. We affirm.

ORS 419B.923(1)(b) provides, in part, that "the court may modify or set aside any order or judgment made by it. Reasons for modifying or setting aside an order or judgment include * * * excusable neglect." Nonappearance at a scheduled hearing can qualify as excusable neglect. *Dept. of Human Services v. A. L. S.*, 318 Or App 665, 666, 508 P3d 79 (2022). Claims of excusable neglect are addressed in a two-step process. *Dept. of Human Services v. K. M. J.*, 272 Or App 506, 510, 356 P3d 1132, *rev den*, 358 Or 145 (2015). First, we address whether the nonappearance was a result of excusable neglect as a matter of law. *Id.* Second, even when the parent has demonstrated excusable neglect, the court has discretion to determine, in the totality of the circumstances, whether to allow a motion to set aside the judgment. *Id.*

"[W]e are bound by the trial court's factual findings, if supported by evidence in the record." *A. L. S.*, 318 Or App at 666.

Mother contends on appeal that the trial court erred when it determined that mother's failure to appear was not excusable neglect and abused its discretion when it denied mother's motion to set aside the judgment terminating her parental rights. As noted, mother filed her motion to set aside the default judgment five months after the date of the trial. Mother claims that she was unable to attend the trial because she was "active" in her addiction at the time of the trial; her arranged transportation to the courthouse "fell through," and she was unable to contact her attorney about her inability to attend trial. She urged the court to grant her motion because she is now doing better and is on the road to recovery. The juvenile court found that mother had failed to appear "because [mother was] continuing to

indulge [her] addiction at that time and that is not excusable in the court's view." Thus, the court denied mother's motion.

We agree with the juvenile court that mother has failed to demonstrate excusable neglect as a matter of law. While we are cognizant of mother's improved circumstances, we cannot agree that her nonappearance on the date of the trial was due to excusable neglect. Under ORS 419B.923(1)(b), the concept of excusable neglect encompasses "a parent's reasonable, good faith mistake as to the time or place of a dependency proceeding." *State ex rel Dept. of Human Services v. G. R.*, 224 Or App 133, 141-42, 197 P3d 61 (2008). As we recently said,

> "the question for us is whether, viewed liberally in favor of mother's interest in participating in a proceeding with the consequences of a termination proceeding, the facts presented to the juvenile court were sufficient to demonstrate that there were reasonable grounds for mother's failure to appear by telephone."

*Dept. of Human Services v. J. J. J.*, 317 Or App 188, 191, 504 P3d 683 (2022). Mother argues that her reliance on others for transportation, in combination with her inability to contact the court or her attorney about her inability to appear, are reasonable grounds on which to excuse her nonappearance. We do not agree that those circumstances constitute reasonable grounds, and we therefore conclude that the trial court did not err in concluding that mother had failed to establish excusable neglect for purposes of ORS 419B.923.

Affirmed.