***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted August 30; motion to dismiss denied, affirmed October
26, 2022; petition for review denied February 9, 2023 (370 Or 740)

In the Matter of S. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. W.,
fka L. L.,
*Appellant.*

Marion County Circuit Court
20JU06027; A178141 (Control)

In the Matter of S. W.,
aka S. O. W., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. M. W.,
aka L. L.,
*Appellant.*

Marion County Circuit Court
20JU06028; A178142

Jennifer K. Gardiner, Judge.

On respondent's motion to dismiss filed August 29, 2022, and appellant's response filed September 26, 2022.

Sarah Peterson, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kistler, Senior Judge.

EGAN, J.

Motion to dismiss denied; affirmed.

**EGAN, J.**

The juvenile court consolidated these cases involving mother's two children. After mother failed to appear for a scheduled status conference that she had been ordered to attend, the court held a trial in absentia on dependency petitions filed by the Department of Human Services (DHS), and it subsequently entered judgments taking jurisdiction over the children.[1] Mother moved to set aside the jurisdictional judgments under ORS 419B.923(1), contending that her failure to appear was the product of excusable neglect. The juvenile court denied her motions to set aside, and she appeals from the resulting orders. We affirm.[2]

Prior to denying mother's motions to set aside the jurisdictional judgments, the juvenile court held an evidentiary hearing. During that hearing, mother testified that she was unaware that she was required to appear for the status conference. Mother also testified that she did not appear for the status conference because she needed more information to understand the court's order that she attend. Specifically, she needed to know what the "consequences" would be for a "bad choice" (which we understand to mean not appearing at the status conference) and testified that she was not aware of the implications of failing to appear at the status conference.

The juvenile court found that mother's testimony as to "why [mother] believed she didn't have to" appear was not credible. The court found that mother knew she needed to appear at the status conference. The court noted that mother was ordered to call in; that she was provided with the correct phone number and code; and that she was told the purpose of the status conference.

---

[1] The status conference had been scheduled by the juvenile court for the purpose of setting trial dates. After mother failed to appear, the juvenile court observed, "I can't set a trial date because I can't give [mother] notice of the trial date."

[2] This is the second time this case is before us. The juvenile court initially denied mother's motions without providing the reasoning underlying its denial. Mother appealed challenging that ruling, and we remanded to the juvenile court for "clarification and explanation of its ruling, so that meaningful appellate review can occur." *Dept. of Human Services v. L. L.*, 316 Or App 274, 277, 502 P3d 1187 (2021).

The juvenile court reasoned that it understood mother's testimony about her failure to appreciate what the court meant by "ordering [her] to call in" without further clarification of possible consequences to reflect mother's "choice" regarding whether to appear at the status conference; that "choice," as the juvenile court saw it, was based on what mother believed the consequences would be.

The court then concluded that making a choice not to comply with a court order to appear at a scheduled hearing is not "the excusable neglect contemplated by the legislature" in ORS 419B.923(1)(b), and it denied mother's motions to set aside the jurisdictional judgments. It also expressly determined, based on an earlier summons that had been delivered to mother and statements on the record at an earlier hearing, that the notice requirements of ORS 419B.816 had been satisfied.[3]

ORS 419B.923(1)(b) provides the juvenile court with discretion to set aside a judgment on the basis of excusable neglect. ORS 419B.923(1) provides:

> "Except as otherwise provided in this section, on motion and such notice and hearing as the court may direct, the court may modify or set aside any order or judgment made by it. Reasons for modifying or setting aside an order or judgment include, but are not limited to:
>
> "* * * * *
>
> "(b)   Excusable neglect."

ORS 419B.923(1)(b), "by its text and design, requires a two-step process." *State ex rel Dept. of Human Services v. G. R.*, 224 Or App 133, 139, 197 P3d 61 (2008).

The first step in that process is to "determine whether the parent has established as a matter of law that

---

[3] ORS 419B.816 requires that parents in dependency proceedings are provided notice that "if the person is represented by an attorney, the person's attorney may not attend the hearing in place of the person," and that

"if the person fails to appear as ordered for any hearing related to the petition, the court may establish jurisdiction without further notice, either on the date specified in the summons or order or on a future date, and may take any other action that is authorized by law including, but not limited to, making the child a ward of the court and removing the child from the legal and physical custody of the parent or other person having legal or physical custody of the child."

the nonappearance \* \* \* resulted from excusable neglect." *Dept. of Human Services v. K. M. J.*, 272 Or App 506, 510, 356 P3d 1132, *rev den*, 358 Or 145 (2015) (internal quotation marks omitted). In the second step, "even when a parent makes a predicate showing of excusable neglect, the court has discretion to determine whether in the totality of the circumstances, to allow the motion." *Id.* (internal quotation marks omitted). In considering either step, "we are bound by the trial court's factual findings, if supported by evidence in the record." *Dept. of Human Services v. A. L. S.*, 318 Or App 665, 666, 508 P3d 79 (2022). Additionally, we are bound by the court's credibility findings when supported by evidence in the record. *Id.* at 667.

In this case, our analysis begins and ends with the first step—*viz.*, whether mother's nonappearance was a result of excusable neglect as a matter of law. We conclude that it was not.

ORS 419B.923(1)(b) was enacted, "in part, in response to stories about parents having their rights terminated in their absence because they mistakenly, and in good faith, went to the wrong courtroom or showed up late." *Dept. of Human Services v. J. J. J.*, 317 Or App 188, 190, 504 P3d 683 (2022). "Like the 'excusable neglect' standard for setting aside a judgment under ORCP 71, the standard under ORS 419B.923 simply requires a showing that there are reasonable grounds to excuse the default." *Id*. The question before us is whether the facts presented to and as found by the juvenile court were sufficient to demonstrate that there were reasonable grounds for mother's failure to appear. *Id*. at 190-91.

In the context of motions to set aside a judgment for "excusable neglect" under ORCP 71, we have concluded "that simply choosing to ignore a matter—even in the face of difficult circumstances—does not qualify as a reasonable explanation so as to give rise to excusable neglect." *Saldivar v. Roberts*, 240 Or App 371, 377, 246 P3d 91 (2011); *id.* ("[The defendant] offered a litany of reasons why overwhelming issues in his personal and business life caused him to ignore other important matters in his life, including plaintiff's case; however, the record does not support a finding

that those circumstances made him unable to respond.");
*see also Walker v. Allied Fidelity Ins. Co.*, 97 Or App 568,
573, 777 P2d 990, *rev den*, 308 Or 466 (1989) (in context of
motion to set aside a judgment under ORCP 71, affirming
trial court's determination of "no excusable neglect" where
the case did not present "a story of a good faith attempt to
appear that went awry but of a disregard for the seriousness
of the matter").

Here, we conclude that mother's choice not to appear
when she was ordered to do so by the court because she was
unaware of the consequences of not complying with the
court's order—particularly, where the notice requirements
of ORS 419B.816 had been satisfied—does not amount to
"excusable neglect" under ORS 419B.923(1)(b).[4]

Motion to dismiss denied; affirmed.

---

[4] DHS filed a motion to dismiss this appeal as moot because mother's paren-
tal rights to her children were terminated by the juvenile court during the pen-
dency of this appeal. We deny DHS's motion to dismiss, because the juvenile court
cannot terminate a parent's parental rights to a child unless the child is a ward
of the court, meaning that a child must be within the court's dependency juris-
diction under ORS 419B.100(1). Therefore, our decision to uphold or reverse the
juvenile court's judgment taking jurisdiction over mother's children, the subject
of this appeal, still has "a practical effect on the rights of" mother. *See State v.
K. J. B.*, 362 Or 777, 785, 416 P3d 291 (2018); *see also Dept. of Human Services v.
L. L. S.*, 292 Or App 212, 213, 418 P3d 776 (2018) (vacating and remanding termi-
nation judgment because underlying permanency judgment changing plan from
reunification to adoption had been reversed and remanded).