786                    July 10, 2024                    No. 494

*This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. M.-S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. T. G.,
aka L. G., aka L. T. G., aka L. T. S., aka L. S.-G.,
*Appellant.*
Petition Number
T2022089

Multnomah County Circuit Court
22JU04321; A182946

Kathryn L. Villa-Smith, Judge.

Submitted June 6, 2024.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Mother appeals from an order denying her motion to set aside the judgment terminating her parental rights to her nine-year-old son, J.

When mother failed to appear for the termination-of-parental-rights (TPR) trial, the state put on a *prima facie* case, and the juvenile court entered a judgment terminating mother's parental rights. *See* ORS 419B.819(7) (allowing for that procedure). Three months later, mother moved to set aside the TPR judgment, asserting excusable neglect for her absence at trial. *See* ORS 419B.923(1)(b) (allowing the court to set aside a judgment based on excusable neglect). Mother explained that she woke up a half-hour after the scheduled start time for the trial—because she was sleep deprived while living in a tent downtown, did not have an alarm clock, and did not have a phone—and that, upon learning the time, she walked to the day center and left a message for her attorney. The juvenile court denied mother's set-aside motion on two grounds. First, while the court recognized that mother had been in a "very difficult position" throughout the case, it concluded that the evidence did not establish excusable neglect for missing the TPR trial. Second, the court concluded that the motion was not filed within a "reasonable time" as required by ORS 419B.923(3), focusing on the fact that mother did not even realize that her rights had been terminated until a month after the trial, when she called to ask for visits with J and learned the outcome of the trial.

Mother argues that the juvenile court erred in denying her motion. She argues that the record establishes excusable neglect as a matter of law and that, under the circumstances, the court had "little to no discretion to refuse to set aside the TPR judgment." *See Dept. of Human Services v. J. J. J.*, 317 Or App 188, 190, 504 P3d 683 (2022) ("If the court determines that a parent has established excusable neglect, it must then decide whether to exercise its discretion to grant the motion to set aside."). Mother further argues that she moved to set aside the judgment as soon as she became aware that it was a legal option, making it error to deny the motion as untimely. The state counters

that excusable neglect was not established and that, even if it were, it would not have been an abuse of discretion to deny the motion in these circumstances. The state does not address the court's untimeliness ruling, asserting that we "need not decide" that issue.

We review the ruling that mother failed to establish excusable neglect for legal error. *Dept. of Human Services v. A. L. S.*, 318 Or App 665, 666, 508 P3d 79 (2022). In doing so, we are bound by the juvenile court's factual findings if supported by evidence in the record. *Id*. Here, we agree with the juvenile court that the facts as found do not constitute excusable neglect. Mother left it to chance whether she would wake up in time for the hearing and, when she woke up late, decided to walk to the day center to leave a message for her attorney, instead of walking the same distance to the court-house, where the juvenile court found that "if [mother] had just come straight to court, she would have caught everyone, and the judge would have then proceeded with a trial for those five days." The juvenile court did not err in concluding that, notwithstanding its sympathy for mother's difficult circumstances, mother failed to establish excusable neglect for purposes of ORS 419B.923(1)(b).

We are also unpersuaded that the juvenile court erred in ruling that the motion was untimely, as an independent ground for denial. Under ORS 419B.923(3), the motion to set aside the TPR judgment had to be made "within a reasonable time." Mother did not realize that her rights had been terminated until a "full month" after the TPR trial, when she called to ask about visitation, from which the court reasonably inferred that there had been "no contact" during that time. Given that fact, even if some of the three-month delay was reasonably caused by mother's need to obtain legal advice, at least one month of it was not, and we cannot say that the juvenile court erred in concluding that the length of the delay was unreasonable on this record.

For both reasons, the juvenile court did not err in denying mother's motion to set aside the TPR judgment.

Affirmed.