50 April 23, 2025 No. 357

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. D. J.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

J. D. J.,
*Respondent,*

*v.*

J. J.,
*Appellant.*

Washington County Circuit Court
23JU01630; A185627

Thomas A. Goldman, Judge pro tempore.

Argued and submitted February 26, 2025.

Sarah Peterson, Deputy Public Defender, argued the cause for appellant. Also on the brief was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Vacated and remanded.

**SHORR, P. J.**

Father appeals from a judgment establishing a permanent guardianship for his child, J, and an order denying his motion to set aside a "finding of default." For the reasons explained below, we reject father's first and second assignments of error and decline to exercise discretion to review the court's plain error addressed in father's third assignment of error, but we vacate and remand for a hearing on father's claim of inadequate assistance of counsel.

The juvenile court initially asserted jurisdiction over J in 2023, based on parents' substance abuse, parenting problems, J testing positive for controlled substances while in parents' care, parents' failure to maintain a safe living environment (particularly with respect to the presence of drugs and drug paraphernalia in the home), and parents being criminally charged with endangering the welfare of a minor.[1] J was placed in nonrelative substitute care. On May 9, 2024, the juvenile court issued a judgment changing the plan from reunification to permanent guardianship. On May 20, 2024, DHS filed a petition to establish guardianship. Father was served with the petition on June 5, 2024, and appeared at the initial appearance on July 8, 2024, where the parties agree he was orally informed of the future hearing and trial dates.

A pretrial hearing was held on August 7, 2024. Father did not appear. The court orally ruled that father was in default, and DHS presented its *prima facie* case for guardianship. The court made findings regarding the petition, finding by clear and convincing evidence that the grounds cited in the guardianship petition were true and that it was in the best interest of J that the guardianship be established. A judgment was not entered at that time at the request of DHS, due to final guardianship paperwork needing to be obtained.

On August 13, 2024, father filed a motion "to vacate finding of default." In a supporting declaration, father's counsel indicated that father had acknowledged having received verbal notification of the hearing date, and had noted the trial date that had been set for October, but had

---

[1] Mother is not a party to this appeal.

not received written confirmation of future dates and had not remembered the August hearing. Counsel further noted that father had spoken with his DHS caseworker earlier in the week before the missed hearing, but his caseworker had not mentioned a court appearance. Father also indicated to counsel that he had not received a text message from the caseworker on the morning of the hearing.

DHS objected to the motion, arguing both that there was no order or judgment for the court to set aside and that father had failed to assert a basis for granting a motion to set aside pursuant to ORS 419B.923 because he had not demonstrated that he had missed the hearing due to excusable neglect. In support of its response, DHS submitted the affidavits of Matthew Johnson and Jenifer Riley, social services specialists with DHS. Johnson stated that he had sent a text message to father at 8:13 a.m. the morning of August 7 stating, "Just confirming you know about court today?" Johnson did not receive a response from father until that afternoon at 3:21 p.m., which included no explanation for the delayed response or his absence from court that day. Riley stated in her affidavit that she spoke to father on August 12, five days after the missed hearing, and that during that conversation father had acknowledged receiving Johnson's text message and acknowledged that he had received the future court dates at the initial appearance on July 8.

On September 11, the juvenile court held a hearing on father's motion to set aside. Father's counsel argued that the circumstances supported a finding of excusable neglect, asserting that father had not seen the text message from Johnson or other text messages from counsel sent during the hearing until after the hearing had begun at 2:30 p.m., and had tried to contact his attorney at 3:18, 3:26, 4:10, and 4:17 p.m. that day, upon learning that he had missed court. DHS and counsel for J maintained that father had not established excusable neglect.

The court denied the motion, concluding that there was no excusable neglect and that the court would not exercise discretion to set aside the order of default.[2] The court

_____

[2] The parties and the court acknowledged that there was some confusion as to the proper procedure, as there was no actual order entered on the record declaring

acknowledged that father had not been handed written confirmation of the future court dates at the time of the initial appearance, but noted that father had multiple individuals he could have contacted, or steps he could have taken, to document and confirm the dates. Finding no excusable neglect, the court additionally offered rationale for not exercising discretion, including that the implications for J were "huge" and that father had not presented a colorable defense on the merits of the guardianship petition.

The court then told father:

> "I don't know if you want to be here to go through the judgment or not. You're welcome to be here. I don't know if you want to take 15 minutes to talk with [counsel] and make a decision if you want to be here or not, but I want to give you some time before I do anything else so that you can talk to your attorney."

There was then a recess. As we discuss later, there is no indication in the transcript either way whether father remained in the courtroom or left after the recess. The court then heard testimony from social services specialist Riley regarding J's current placement and J's experience with the permanency process, then granted the petition establishing permanent guardianship.

## MOTION TO SET ASIDE

Father's first and second assignments of error challenge the trial court's ruling denying his motion to vacate the finding that father was in default, and the court subsequently entering the judgment establishing guardianship, instead of holding a trial where father was able to participate and present evidence. As noted above, at the time the motion was made, no order or judgment had been entered on the record. The juvenile court had orally found father to be "in default" at the August hearing when father failed to appear, and the court treated the motion as one to set aside that finding of default. We conclude that the court did not

---

father to be "in default" and the court had not yet entered the judgment establishing guardianship. For the sake of this opinion, we assume, without deciding, that father's motion was proper. Had the court found excusable neglect, the case would presumably have been reset for trial to allow for father's participation.

err in denying the motion, without commenting on whether the motion was properly presented.

Father's motion sought to set aside the order of default on the basis of "excusable neglect." ORS 419B.923(1) reads, in relevant part:

> "Except as otherwise provided in this section, on motion and such notice and hearing as the court may direct, the court may modify or set aside any order or judgment made by it. Reasons for modifying or setting aside an order or judgment include, but are not limited to:
>
> "* * * * *
>
> "(b)   Excusable neglect."

We have previously explained that ORS 419B.923(1) (b) requires the court to engage in a two-step sequential analysis in determining whether a judgment or order should be set aside because of excusable neglect: first the court must determine whether the parent has established as a matter of law that their nonappearance resulted from excusable neglect, which encompasses "a parent's reasonable, good faith mistake as to the time or place of a dependency proceeding." *State ex rel Dept. of Human Services v. G. R.*, 224 Or App 133, 139-42, 197 P3d 61 (2008). Second, if the parent makes the predicate showing of excusable neglect, the court "retains some range of discretion" to determine whether, in the totality of the circumstances, to allow the motion. *Id.* at 139. We review the juvenile court's determination as to whether there was excusable neglect for errors of law, and the ruling denying the motion to set aside for an abuse of discretion. *Dept. of Human Services v. K. M. P.*, 251 Or App 268, 272, 284 P3d 519 (2012).

A parent must present facts to the juvenile court to establish reasonable grounds for their failure to appear. *Dept. of Human Services v. K. M.*, 331 Or App 106, 110, 545 P3d 200, *rev den*, 372 Or 534 (2024). Here, father acknowledged that he had been informed of all future hearing dates at the July hearing. There was evidence that DHS had reminded him of the hearing via text the morning of the hearing. Although father's counsel made an argument regarding father not having received a written reminder in

advance of the August hearing, and indicated that father may not have received the morning-of text message in time to appear, father offered no actual explanation for his absence. *Compare id.* at 110-11 (no excusable neglect based on the mother's habitual lateness when no evidence was submitted to tie her tardiness to her finances, difficulties with public transportation, or alleged errors of court personnel in directing her to the correct location); *Dept. of Human Services v. T. M. B.*, 276 Or App 641, 647, 369 P3d 419, *rev den*, 359 Or 667 (2016) (no excusable neglect as a matter of law when the record contained contradictory evidence regarding the mother's understanding of the day of the trial); *with Dept. of Human Services v. J. J. J.*, 317 Or App 188, 191, 504 P3d 683 (2022) (the mother's uncontroverted explanation for her non-appearance established excusable neglect when there was evidence presented that someone sharing her hotel room had turned off her alarm clock and her attorney had failed to alert the court that the mother was trying to call in to the remote proceeding); *K. M. P.*, 251 Or App at 275 (concluding that the mother's good faith mistake as to the time of the hearing constituted excusable neglect); *G. R.*, 224 Or App at 142-43 (excusable neglect present when the parents inadvertently confused the start time of the hearing by two hours and acted immediately upon learning of the mistake). Because father failed to demonstrate a connection between his failure to appear and a reasonable ground for that failure, the trial court did not err as a matter of law in concluding that there was no excusable neglect.

## DEFAULT JUDGMENT UNDER ORS 419B.819(7)

In his third assignment of error, father argues that the juvenile court plainly erred by entering a judgment establishing guardianship pursuant to ORS 419B.819(7) without allowing father to participate and present a defense to the petition, even though he was present at the hearing. ORS 419B.819(7) states:

"If a parent fails to appear for any hearing related to the petition, or fails to file a written answer, as directed by summons or court order under this section or ORS 419B.820, the court, without further notice and in the parent's absence, may:

"(a)   Terminate the parent's rights or, if the petition seeks to establish a permanent guardianship, grant the guardianship petition either on the date specified in the summons or order or on a future date; and

"(b)   Take any other action that is authorized by law."

Because father was present at the hearing, he argues, the petition was not granted "in his absence." Father acknowledges that he did not preserve this argument below, but argues that it is plain error and that we should exercise our discretion to correct it.

An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). DHS argues that the error here is not plain, because it is not apparent from the record that father was present for the merits portion of the proceeding. We reject that assertion. Despite the transcript of the hearing not reflecting whether father remained in the room following a recess taken after the denial of his motion to set aside, the Order and Judgment Establishing Permanent Guardianship states that father "appeared with his attorney" for the proceeding. We conclude that it is apparent on the record that father was present when the court granted the petition to establish guardianship.[3]

We agree with father that the error here is plain. Our case law establishes that the juvenile court may not enter a judgment pursuant to ORS 419.819(7) when a parent is present. *Dept. of Human Services v. A. D. G.*, 260 Or App 525, 540, 546-47, 317 P3d 950 (2014) (concluding that ORS 419.819(7) only empowers a court to enter a judgment by default during proceedings at which the parent is actually absent, and that nonappearance at a prior hearing does not authorize the court to treat the parent as a nonparty); *Dept.*

---

[3] Even if the record did show that father left, the court made it clear to father that he could leave. The court indicated that father's presence was not required for going through the judgment, and that father could "make a decision if you want to be here or not." The court proceeded under the impression that father no longer had a right to participate. If father had left, it would not have been proper to treat him as "absent" for purposes of default when the court had told him he could leave.

*of Human Services v. S. L. M.*, 338 Or App 676, 690-91, ___ P3d ___ (2025) (citing *A. D. G.* and concluding that the court erred in utilizing the procedure provided by ORS 419B.819(7) to enter default judgments against the mother when she was present via Webex, despite having been ordered to appear in person).

However, even when an error is plain, our review is discretionary, and we decline to exercise discretion in these circumstances. ORAP 5.45(1) (allowing discretionary review of plain errors). In deciding whether to exercise our discretion to correct a plain error, we consider, among other factors, "the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 382 n 6, 823 P2d 956 (1991).

Although the interests at stake here for father are significant—his liberty interests in parenting his child— we conclude that the other factors weigh against exercising discretion. Following the denial of the motion to set aside, father's counsel was specifically asked if there was any objection to proceeding with the merits of the petition and counsel unequivocally stated "no." That is not simply a matter of a failure to object; rather, counsel affirmatively indicated that there was no objection to the court proceeding to the merits in the manner proposed. Had counsel alerted the court to *A. D. G.* or even more generally to the limitation on the court proceeding to a one-sided *prima facie* hearing while father was present, the court could have entirely avoided the error and allowed father to put on evidence and make arguments in opposition to the petition to establish guardianship. Furthermore, given our discussion below regarding inadequate assistance of counsel, father will still have an opportunity to seek redress for this error if it is shown to have been prejudicial, without our having to make assumptions regarding the possible ways the record could have developed, and without unnecessarily delaying finality for J. We therefore decline to exercise discretion to correct the juvenile court's error.

Finally, we address father's alternative argument that, if we decline to review the error on the basis of lack of preservation or invited error, then his counsel's assistance was inadequate and prejudicial and constitutes an independent basis for reversal. A parent can raise an inadequate assistance claim for the first time on appeal. *Dept. of Human Services v. T. L.*, 358 Or 679, 681, 369 P3d 1159 (2016). To be entitled to relief, "a parent must show not only that trial counsel was inadequate, but also that the inadequacy prejudiced the parent's rights to the extent that the merits of the juvenile court's decision are called into serious question." *Id.* at 702.

We can think of no strategic or tactical reason counsel would have for failing to object to the court improperly treating father as if he were "in default" and not allowing him to present evidence or arguments on the merits of the guardianship petition. However, the record before us is insufficient to allow for a determination of whether father was prejudiced by counsel's failure to object. We cannot tell whether counsel's failure to object calls the merits of the juvenile court's decision to grant the petition for permanent guardianship into serious question.[4] Counsel asserted that father had a home, was clean and sober, and was starting mental health treatment the next day, but no specific evidence or arguments were presented on those issues and how they related to whether it was proper to grant the guardianship.

When the record on appeal is insufficient to establish whether the parent is entitled to relief, we may either "affirm without prejudice to the parent's ability to renew the claim before the juvenile court under ORS 419B.923 or remand for an evidentiary hearing under ORS 419B.923." *Id.* at 704. We conclude that the appropriate remedy is to remand for an evidentiary hearing on father's claim of inadequate assistance of counsel. Whether father had any meritorious opposition to the granting of the guardianship has necessary implications for whether the merits of the juvenile

---

[4] We reject father's argument that the impact on the appealability of the issue is sufficient to conclude that he was prejudiced. *T. L.* makes clear that the *merits* of the juvenile court's decision must be called into question. *T. L.*, 358 Or at 702.

court's decision are called into serious question by the court improperly concluding that father was not entitled to put on a defense. If the juvenile court determines that father received inadequate assistance of counsel, it shall order a new trial on the guardianship petition; otherwise, the court shall reinstate the judgment granting the petition and establishing the permanent guardianship. *See, e.g.*, *Dept. of Human Services v. M. U. L.*, 281 Or App 120, 129, 380 P3d 1232 (2016) (vacating and remanding for evidentiary hearing on the parent's claim of inadequate assistance of counsel); *Dept. of Human Services v. M. E.*, 297 Or App 233, 245-46, 441 P3d 713 (2019) (same).

Vacated and remanded.